IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
WARREN ADAM TAYLOR,                  *
                                     *
         Plaintiff,                  *
                                     *
    v.                               *
                                     *    CV 114-231
AUGUSTA-RICHMOND COUNTY              *
CONSOLIDATED COMMISSIONERS;          *
MAYOR DAVID S. COPENHAVER; MAYOR     *
PRO TEM COREY JOHNSON; J. PATRICK    *
CLAIBORNE; and GWENDOLYN B.          *
TAYLOR,                              *
                                     *
         Defendants.                 *
```

## O R D E R

Presently before the Court is Plaintiff's motion for default judgment. (Doc. 21.) Federal Rule of Civil Procedure 55 allows a party to seek default judgment pursuant to a two-step process. First, if a defendant fails to plead or otherwise defend the lawsuit, the clerk is authorized to enter a clerk's default. Only after default is entered may a party seek default judgment. See Bardfield v. Chisholm Props. Circuit Events, LLC, No. 3:09cv232, 2010 WL 2278461, at *6 (N.D. Fla. May 4, 2010) (listing cases for the proposition that a party may not apply for default judgment without first asking the clerk to enter default).

Here, Defendant has not specifically moved for default, but did file a notice entitled "The Plaintiff's Request for the Clerk to Take Notice of Order or Judgment." (Doc. 18.) Because a plaintiff may not receive default judgment without the entry of default, Plaintiff's

motion for default judgment is **DENIED** as premature. Liberally construing Plaintiff's notice as a motion for entry of default, the Court addresses whether entry of default is proper in this matter.

Three Defendants — Augusta-Richmond County Consolidated Commissioners, Mayor Copenhaver, and Mayor Pro Tem Johnson — were served on December 22, 2014 (docs. 8-10). Based on that date of service, these Defendants were to respond by January 12, 2015, which they have done (doc. 14). Accordingly, neither the Augusta-Richmond County Consolidated Commissioners, Mayor Copenhaver, nor Mayor Pro Tem Johnson are in default.

The next Defendant, J. Patrick Claiborne, received the waiver of service form on December 20, 2014 and filed his waiver of service with this Court on January 14, 2015 (doc. 16).[1] Based on this waiver of service, Defendant Claiborne need not respond until February 18, 2015. Accordingly, Defendant Claiborne is similarly not in default.

Finally, Plaintiff mailed Gwendolyn Taylor a copy of the complaint and summons, along with a request for waiver of service, on December 19, 2014 (docs. 12, 23). In response to Plaintiff's motion for default judgment, Defendant Taylor includes a copy of a waiver of service, which was returned executed to Plaintiff on January 12, 2015 (doc. 23, Exs. 1-2). However, Plaintiff did not file this waiver of service with the Court. Based on the waiver, Defendant Taylor's answer or other responsive pleading is not due until February 17, 2015. As such, Defendant Taylor is not in default in this matter.

---

[1] Federal Rule of Civil Procedure 4(d)(1)(F) provides that a plaintiff must give a defendant at least 30 days to return the executed waiver of service.

2

Based on a review of the record, two things are readily apparent to the Court. First, Plaintiff has not followed the proper procedure in seeking entry of default. Should Plaintiff wish to do so in the future, he must first move for entry of default, and only after default is entered should he file a motion for default judgment. Because default has not been entered in this case, Plaintiff's motion for default judgment (doc. 21) is **DENIED**. To the extent Plaintiff's "notice" (doc. 18) is a motion for entry of default, none of the named defendants are in default in this action,[2] and as such the Court **DENIES** any request to enter default at this time.

**ORDER ENTERED** at Augusta, Georgia, this 29th day of January, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] Plaintiff's motion for default judgment appears to argue that because process began on December 11, 2014, Defendants had only 21 days from that date to file responsive pleadings. The Court is unaware of what Plaintiff means by "process began on 12/11/2014." Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days of "being served with the summons and complaint[.]" As such, the 21-day clock did not begin to run until Defendants were served.

3