IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

WARREN ADAM TAYLOR,           *
                              *
        Plaintiff,            *
                              *
    v.                        *
                              *   CV 114-231
AUGUSTA-RICHMOND COUNTY       *
CONSOLIDATED COMMISSIONERS;   *
MAYOR DAVID S. COPENHAVER;    *
MAYOR PRO TEM COREY JOHNSON;  *
J. PATRICK CLAIBORNE; and     *
GWENDOLYN B. TAYLOR,          *
                              *
        Defendants.           *

**O R D E R**

This matter comes before the Court on Plaintiff Warren Adam Taylor's "Objection" to this Court's Order directing him to respond to Defendant Gwendolyn Taylor's Motion to Dismiss. (Doc. 39.) On February 13, 2015, Defendant Taylor filed a Motion to Dismiss Plaintiff's complaint, which went without response.[1] (Doc. 35.) Given Plaintiff's status as a *pro se* litigant, and in lieu of immediately granting the motion as unopposed, the Court entered an Order (1) directing Plaintiff to respond to the pending Motion to Dismiss and (2) warning him of the consequences of a failure to respond, specifically including dismissal under Local Rule 41 for failure to prosecute. (Doc. 37.) The new deadline to respond to

---

[1] Ten days after Defendant Taylor filed her motion, Plaintiff did file an objection to this Court's Order denying Plaintiff's Motion for Default Judgment. (Doc. 36.)

the Motion to Dismiss has come and gone without any action from Plaintiff.

Plaintiff's objection, which is almost incomprehensible, appears to ask this Court to vacate and remand the case to the United States Court of Appeals for the Eleventh Circuit "for subject matter jurisdiction for ante litem notices from the captioned defendants dated October 17, 2013; and December 4, 2015." (Doc. 39 at 2.) As best the Court can discern, Plaintiff takes issue with some proceedings that took place in the Superior Court of Richmond County, Georgia. Plaintiff closes his motion by reiterating his request that this Court vacate its Order directing Plaintiff to respond to the Motion to Dismiss and "remand back to the 11th Circuit for further consideration for the timely filed notice of appeal federal question involving a U.S. Constitutional Amendment under a federal statute and attorney fees." (Id.)

Addressing the substance of Plaintiff's objection, this Court is aware of no law that allows a district court to "vacate and remand" to the Court of Appeals. Indeed, the process works in the exact opposite direction. Accordingly, any such objection is **OVERRULED**.[2]

---

[2] Plaintiff additionally states "the captioned plaintiff seeks relief. Under certain circumstances, the district court may extend or reopen the time to file a notice of appeal." (Doc. 39 at 2.) The Court is entirely without direction as to what relief Plaintiff seeks in this regard, and what Order he wishes to appeal, if any. Plaintiff has already appealed the Court's Order denying Plaintiff's Motion for Default Judgment, which the Eleventh Circuit dismissed on jurisdictional grounds. This leaves only the Court's March 16, 2015 Order directing Plaintiff to respond to the pending Motion to Dismiss. This Order, however, is not appealable because it is not a final order. 28 U.S.C. § 1291. Moreover, the Order does not fall into the exceptions

As Plaintiff was instructed on March 16, 2015, Local Rule 41.1 allows the Court to dismiss any action with or without prejudice for want of prosecution if a party (1) fails to comply with an order compelling discovery; (2) willfully disobeys or neglects any order of the Court; or (3) fails to prosecute the action with reasonable promptness. Upon a review of the record, the Court finds that Plaintiff has both failed to comply with an Order of this Court and failed to prosecute the action with reasonable promptness. Specifically, this Court directed Plaintiff to respond to Defendant Gwendolyn Taylor's Motion to Dismiss. (Doc. 37.) Plaintiff was given seven days to respond to the motion and has yet to do so, though he did file an objection to the Court's Order denying his Motion for Default Judgment. Even after this Court's Order directing Plaintiff to respond, rather than comply he filed the present objection to that Order, asking this Court to "vacate and remand" to the Eleventh Circuit Court of Appeals.

Plaintiff has been warned of the consequences of a failure to prosecute. And while the Court is cognizant of Plaintiff's *pro se* status, *pro se* litigants "are not exempt from this requirement of diligent prosecution." Griffin v. Railey, No. 7:10-cv-67, 2011 WL 3861426, at *1 (M.D. Ga. Aug. 3, 2011). The decision to dismiss a case for want of prosecution lies within the district court's discretion and shall only be reversed for an abuse of discretion.

---

provided for in § 1292. Thus, the Court sees no cause to grant Plaintiff an extension of time to file a notice of appeal, and any such relief sought by Plaintiff is **DENIED**.

Martin-Trigona v. Morris, 627 F.2d 680, 681 (5th Cir. 1980).[3]  In the instant case, Plaintiff has refused to move forward with his claims, instead focusing almost entirely on what he perceives to be Defendants' default.  (See, e.g., doc. 29 (Motion for Clarification of Order Denying Motion for Default Judgment); doc. 32 (Objection to Order Denying Plaintiff's Motion for Default Judgment); doc. 36 (Notice of Objection to Order Denying Motion for Default Judgment); doc. 39 (Objection to Court's Order Directing Plaintiff to Respond to Defendant's Motion to Dismiss).)

In the face of the Court's Order to more forward, Plaintiff has refused to litigate this case and respond to the pending Motion to Dismiss.  Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute.  The Clerk is directed to terminate all motions and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of April, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

4