IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| WARREN ADAM TAYLOR, | * |
| Plaintiff, | * |
| v. | * |
| | * CV 114-231 |
| AUGUSTA-RICHMOND COUNTY CONSOLIDATED COMMISSIONERS; MAYOR DAVID S. COPENHAVER; MAYOR PRO TEM COREY JOHNSON; J. PATRICK CLAIBORNE; and GWENDOLYN B. TAYLOR, | * |
| Defendants. | * |

**O R D E R**

Now before the Court is Plaintiff's Motion for Reconsideration. (Doc. 42.) On April 16, 2015, Plaintiff filed an objection to this Court's March 16, 2015 Order directing him to respond to a pending motion to dismiss. (Docs. 37 & 39.) In his objection, Plaintiff requested that this Court vacate and remand his case to the Eleventh Circuit Court of Appeals, which previously dismissed his notice of appeal for lack of jurisdiction. (Doc. 38.) On April 17, 2015, the Court — after warning Plaintiff in an earlier Order — dismissed this action without prejudice for want of prosecution. (Doc. 40.)

With his current motion, Plaintiff appears to seek reconsideration of the Court's April 17, 2015 Order, which in addition to dismissing his case for failure to prosecute overruled

the aforementioned objection. In support of his motion, Plaintiff quotes CSX Transp., Inc. v. City of Garden City for the proposition that "[a] judgment that does not effectively terminate the litigation is not final or immediately appealable unless the district court certifies the judgment for immediate appeal under Fed. R. Civ. P. 54(b)." 235 F.3d 1325, 1327 (11th Cir. 2000). After quoting this language, Plaintiff asks the Court to certify the judgment so he may appeal to the Eleventh Circuit. (Doc. 42.)

Pursuant to Federal Rule of Civil Procedure 59(e), a party may seek to alter or amend a judgment in a civil case within twenty-eight days after the entry of the judgment. Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994).

"[R]econsideration of a previous order is 'an extraordinary remedy, to be employed sparingly.'" Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1358 (S.D. Fla. 2004) (citation omitted). In fact, a motion for reconsideration is not an appeal, and thus it is improper on a motion for reconsideration to "ask the Court to rethink what the Court ha[s]

2

already thought through — rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983), quoted in Weitz Co. v. Transp. Ins. Co., No. 08-23183, 2009 WL 1636125, at *1 (S.D. Fla. June 11, 2009) and Vidinliey v. Carey Int'l, Inc., No. 1:07-cv-762, 2008 WL 5459335, at *1 (N.D. Ga. Dec. 15, 2008). A movant must "set forth *facts or law* of a *strongly convincing nature* to induce the court to reverse its prior decision." Cover v. Wal-Mart Stores, Inc., 148 F.R.D. 294, 294 (M.D. Fla. 1993) (citation omitted) (emphasis added).

Plaintiff has failed to meet this demanding standard. He presents absolutely no argument, based in fact or law, to induce the Court to reconsider its prior decision. Instead, he simply states that he is asking for reconsideration so that he may appeal to the Eleventh Circuit. For this reason, Plaintiff's Motion for Reconsideration (doc. 42) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 27th day of April, 2015.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3